UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO. 5:20-cr-40-Oc-28PRL

JOSEPH SAMUEL CATALANO

### UNITED STATES' RESPONSE IN OPPOSITION TO MOTION FOR RELEASE FROM CUSTODY

The United States respectfully opposes the defendant's motion to be released and in support of its response in opposition, states the following:

1. The defendant has moved to be released from detention claiming several medical concerns. Doc. 94. The government has been directed to respond to his motion. Doc. 95.

2. The defendant was at liberty from the time of his arrest on September 9, 2020, until January 7, 2021, when his release order was revoked due to multiple positive drug tests for methamphetamine. Docs. 17, 87.

3. I have communicated with his Pretrial Services officer on multiple occasions and discussed the claims in this motion. I have also communicated with the U.S. Marshals Service and Maria Torres, Chief Health Care Administrator (CHCA) for the Marion County Jail, regarding his

motion. Based on these communications, I oppose the defendant's motion for release.

4.   With respect to his medical claim that he has a "long term cardiac condition" which requires him to see a doctor, the government has learned the following. Several months prior to his incarceration, the defendant had a scan done of his heart which revealed no blockage and required no stints. There are no known pressing concerns to the medical staff at the jail regarding his heart condition. The defendant was seen by the medical staff last Friday (January 29, 2021) and he made no mention of his heart condition. If the defendant is aware of a pressing cardiac condition, he paid little concern to that issue when he admittedly used methamphetamine on nine occasions while he was out on bond.

5.   The defendant claims that he is in not receiving his prescription medication. The CHCA reports that all of his known prescription medications are being provided to him. The defendant is reportedly taking all of those medications. There are no complaints nor grievances in the jail system that were filed by the defendant with regard to this allegation. While on pretrial supervision, the defendant told his supervising officer that he was prescribed trazadone (antidepressant), hydrochlorothiazide (hypertension), lisinopril (hypertension and heart failure), and ropinirole (restless leg syndrome). The

defendant has not specified in his motion which medication he is being denied.

6. The defendant claims that he suffers from hypertension. The CHCA reports that all of his blood pressure readings are in normal range and that he is given his prescription for hypertension. Therefore, the CHCA reports that this medical condition is being treated and is currently controlled. She also reports that laboratory tests conducted before his incarceration have been ordered and the defendant is scheduled for a routine three-month checkup on his hypertension and heart. The defendant is receiving the same care that he would receive if he were released from custody.

7. There is no reported medical record to support the defendant's claims about his alleged "bulging disc." As noted above, the defendant was seen last Friday and made no mention of any concern with respect to his back or spine.

8. With respect to the defendant's claims about an alleged coronavirus outbreak at the jail, those claims are unfounded. The CHCA reports that there are currently 0 cases of COVID-19 at the jail. Two weeks ago, there were 3 confirmed cases and those occurred in a different pod from that of the defendant. That pod was put in lockdown, the patients isolated in

accordance with CDC guidelines and jail policies, and the inmates have recovered.

9. There have been 0 deaths related to COVID-19 at the jail. The CHCA reports that the jail had one inmate, age 77, who was immunocompromised and fell ill in July 2020. That inmate was released and transferred to a nearby hospital where he was bedridden. Sometime thereafter, he tested positive for COVID-19 and died from complications related to the virus. It is not clear where that inmate contracted the virus.

10. The defendant claims that he may be positive for COVID-19 but the CHCA reports that he has not reported any symptoms or complaints. Nor has the defendant asked for a COVID-19 test. All inmates who report symptoms or who are exposed to someone who tests positive are automatically tested. The facility has the ability to test with a Rapid Test and the PCR test. The CHCS has indicated that she will test the defendant if the Court directs her to, or if the defendant reports symptoms of the virus.

11. The Marion County Jail has taken extraordinary steps to protect the inmates and the staff from the pandemic. The facility has the capacity to address any outbreak as evident by the one two weeks ago referenced above. The facility employs a team of medical professionals and provides round-the-clock medical services. The facility is equipped to provide medical isolation

when required. By virtue of his being in a detention facility, the defendant is in the presence of medical professionals at all times. In the unlikely event that he becomes infected with COVID-19, he will be quarantined, monitored, and receive any needed treatment, consistent with the CDC guidelines.

12. While the COVID-19 virus is new, health claims by detainees are not. Courts have generally recognized that "it is a rare case in which health conditions present an 'exceptional reason'" to allow for release where otherwise detention would be warranted. *United States v. Wages*, 271 Fed. App'x 726, 728 (10th Cir. 2008). In this case, the defendant has not made a factual record that his needs will not be met while detained.

13. Judges throughout the Middle District of Florida have consistently ruled that the COVID-19 outbreak alone is not sufficient to warrant the release of pre-trial detainees. *See United States v. Quinones*, 8:19-cr-326, Doc. 289 (order of District Court Judge Covington filed April 6, 2020: "COVID-19 pandemic does not warrant revocation of the detention order"); *United States v. Rawding*, 6:19-cr-236, Doc. 107 (order of District Court Judge Byron filed April 8, 2020: "insufficient evidence to support the inference that the Defendant's continued detention… presents an unacceptable risk of contracting the virus"); *United States v. Fornia*, 8:19-cr-326, Doc. 291 (order of Magistrate Judge Sneed filed April 9, 2020: "no confirmed cases of COVID-19

have been found at Defendant's detention facility and that the facility has proactively undertaken numerous measures to help prevent COVID-19 infections"); *United States v. Songtao*, 3:19-cr-192, Doc. 158 (order of Magistrate Judge Klindt filed April 10, 2020: "pandemic does not qualify as having a material bearing on whether there are conditions of release that will reasonably assure the appearance of Defendants as required and the safety of other persons and the community").

14. The defendant's claims are unfounded and do not warrant release from custody.

15. The government takes no position with respect to his request to wear civilian clothing at the time of sentencing.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:   */s/ Michael P. Felicetta*
Michael P. Felicetta
Assistant United States Attorney
Florida Bar No. 0094468
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone:   (352) 547-3600
Facsimile:   (352) 547-3623
E-mail:   michael.felicetta@usdoj.gov

**U.S. v. JOSEPH SAMUEL CATALANO    Case No. 5:20-cr-40-Oc-28PRL**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Michael Nielsen, Esq.

    /s/ *Michael P. Felicetta*
Michael P. Felicetta
Assistant United States Attorney
Florida Bar No. 0094468
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone:  (352) 547-3600
Facsimile:  (352) 547-3623
E-mail:  michael.felicetta@usdoj.gov