## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**UNITED STATES OF AMERICA**

**v.**

**Case No. 5:20-cr-40-Oc-28PRL**

**CHRISTINA LYNN CATALANO**

_____/

### DEFENDANTS' SENTENCING MEMORANDUM

Christina Lynn Catalano, through counsel, files her sentencing memorandum and asks that it be considered by the Court in determining her sentence.

### I.    Guidelines Calculation

The initial disclosure of the Presentence Report placed Ms. Catalano at Total Offense Level 11, Criminal History Category VI, yielding a guideline range of 27-33 months. The Probation Officer was notified by Ms. Catalano that she had no objections to the Report. However, the government did file an objection, claiming that Ms. Catalano should receive two extra levels for obstruction of justice under USSG §3C1.1, as a result of her guilty plea to Count Two of the Indictment. Count Two charges her with making a false statement, in

1

violation of 18 U.S.C. § 1001.

The Probation Office adopted the government's objection, the result of which is that the Total Offense Level is increased by two levels, to 13, yielding a guideline range of 33-41 months.

Ms. Catalano objects to the two additional levels for obstruction of justice. In making this objection, Ms. Catalano is aware that there is Eleventh Circuit precedent against her position, and understands the Court must consider those cases. At the same time, though, the fact remains that Ms. Catalano's false statement did not "significantly obstruct[ ] or impede[ ] the official investigation or prosecution of the instant offense." USSG §3C1.1, comment. (n.4(G)). The government concedes as much, but rather is standing on the fact that Ms. Catalano pled guilty to and was convicted of the false statement charge. *See* USSG §3C1.1, comment. (n.5).

Even if the Court overrules Ms. Catalano's objection and applies the two levels for obstruction, it is requested that a downward variance be granted to bring her to the level she would have been had she not pled

guilty to the false statement charge.[1] There are two reasons for this. The first is that as a practical matter she did not obstruct justice, in that her false statement had no effect on the course of the investigation and prosecution. Bluntly stated, the second reason is that I gave Ms. Catalano erroneous advice. The government offered a plea agreement wherein Count Two, the false statement charge, would have been dismissed in exchange for a plea to Count One, the FEMA fraud charge. Unaware of the §3C1.1 enhancement that would be assessed as a result of her plea to Count Two, I advised her to plead straight-up to both charges so she could retain all of her appellate rights.[2] Since learning of my mistake I have advised Ms. Catalano that if the Court imposes a higher sentence as a result of my ineffective assistance, she should file a habeas petition requesting that she be allowed to enter into the plea agreement the government offered, thereby ending up back in the 27-33 month range.

---

[1] In addition to placing her back in the 27-33 month range by way of variance, for the reasons cited here, a further variance will be requested based on Ms. Catalano's history and characteristics, as discussed below.

[2] As the Court knows, in order to enter into a plea agreement with the government a defendant has to waive her right to appeal. The waiver of appeal condition is non-negotiable.

3

## II.    Ms. Catalano's History and Characteristics[3]

Ms. Catalano's 39 years of life have been full of difficulties and challenges. As well documented in the thorough Presentence Report prepared by Ms. Clark, she has suffered physical and sexual abuse, both during her developmental years and as an adult, the result of which has been mental health and substance abuse issues.

Far from a loving, nurturing home, Ms. Catalano was raised by her grandparents because her parents were incapable of taking care of her. She never met her father, who died of a cocaine overdose when she was 15, and had a distant relationship with her mother. Her grandfather abused her both physically and sexually, rather than providing a stable, secure environment.

As an adult, Ms. Catalano entered into two abusive marriages that did not last. While she is committed to Mr. Catalano, her current husband, he has his own issues as the Court knows from the fact that he is the co-defendant in the case and from his performance on bond. While there is no indication that Mr. Catalano has abused her, Ms. Catalano

---

[3] A letter of support from Lanette McKinley, Ms. Catalano's friend, is attached hereto as Exhibit 1.

4

was the victim of a serious violent crime perpetrated by Mr. Catalano's daughter. The daughter stabbed Ms. Catalano multiple times and as a result, she was hospitalized for an extended period of time and left with scars all over her body. Ms. Catalano is lucky to be alive.

Ms. Catalano is the mother of two daughters. Her older daughter, who is 20, lives with her and has serious mental health issues. Ms. Catalano is concerned that if she is incarcerated her daughter's mental health will deteriorate.

Ms. Catalano herself suffers from serious mental health issues that revolve around depression, anxiety, and bipolar disorder. She has been Baker Acted a number of times, the last of which was in December, 2020.[4] She is open to counseling, and asks the Court to recommend mental health treatment as a condition of her supervision.

As is often the case, a substance abuse problem is coupled with Ms. Catalano's mental health issues. Although her performance on bond has not been flawless in terms of abstaining from destructive substances, she has done well enough to avoid bond revocation. To a large degree her

---

[4] The discharge summary from Ms. Catalano's December, 2020 Baker Act is attached hereto as Exhibit 2.

success has come as a result of the substance abuse treatment program she attends as a condition of bond. She would like to continue and asks the Court to recommend substance abuse treatment as a feature of her supervision.

Ms. Catalano's criminal history is emblematic of someone who suffers from substance abuse and mental health problems. Noteworthy is the fact that she never had problems with the law as a juvenile, despite her difficult circumstances. She sustained her first arrest at age 25, while in the midst of an abusive, "toxic" relationship with her ex-husband. With 13 criminal history points, she crosses over into Criminal History Category VI by one point. Her most serious convictions are for controlled substance and theft types of offenses. She has no convictions for crimes of violence. Ms. Catalano has been sentenced to prison on two occasions, both times for just over a year.

Four of her criminal history points are a result of violating domestic violence injunctions. A review of the circumstances demonstrates that no violence was involved in these violations; just contacting her ex-husband about ongoing issues and difficulties she was facing. The last of these injunction violations occurred 13 years ago. A

6

finding that Ms. Catalano's criminal history is overstated as a result of these injunction violations would result in lowering her Criminal History Category to V, applying the maximum of four 1-pointer rule stated in USSG §4A1.1(c).

While not without difficulty, Ms. Catalano has demonstrated that she is amenable to supervision by her performance on bond. Although there have been a couple of transgressions that were brought to the Court's attention, they did not rise to the level of causing her bond to be revoked. What's more, she has taken advantage of the substance abuse counseling offered through Pretrial Services, and has clearly profited from the treatment. A continuation of substance abuse treatment through terms of supervision would be beneficial to Ms. Catalano, in that it would help her avoid recidivism and assist her in ceasing to degrade her health through drug usage.

## III.   Conclusion and Sentencing Request

While not a recommendation, the Presentence Report makes the point that under the 18 U.S.C. § 3553(a) considerations, a variance from the guidelines may be in order. The cited factors are Ms. Catalano's mental health and substance abuse issues and the fact that the instant

offense is not a crime of violence or a substance abuse offense. In addition, the Court should take into account her difficult upbringing and the violence and abuse she has endured both as a child and as an adult. The Court can also consider that Ms. Catalano quickly accepted responsibility by pleading guilty and has demonstrated her interest in taking advantage of the therapeutic assistance offered through supervision.

It is therefore respectfully requested that the Court sentence Ms. Catalano to time served, followed by somewhere between three and five years of supervised release with a period of home detention as a condition.

Respectfully submitted,

James T. Skuthan
Acting Federal Defender


s/ *Mark Rosenblum*
Mark Rosenblum
Florida Bar No. 0289175
Assistant Federal Defender
200 West Forsyth Street, Ste. 1240
Jacksonville, Florida 32202
Telephone: 904-232-3039
Fax: 904-232-1937
E-Mail: mark_rosenblum@fd.org
Attorney for defendant


## CERTIFICATE OF SERVICE

I certify that on February 11, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.


s/ *Mark Rosenblum*
Assistant Federal Defender

9