IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,      Jacksonville, Florida

    Plaintiff,      Case No. 5:20-cr-40-Oc-28PRL

 vs.      November 30, 2020

CHRISTINA LYNN CATALANO,      10:33 a.m.

    Defendant.      Courtroom No. 1A
_____

DIGITALLY RECORDED CHANGE OF PLEA HEARING
BEFORE THE HONORABLE PHILIP R. LAMMENS
UNITED STATES MAGISTRATE JUDGE

GOVERNMENT COUNSEL:

  **MICHAEL FELICETTA, ESQ**.
  US Attorney's Office - FLM
  35 SE 1st Avenue, Suite 300
  Ocala, FL  34471


DEFENSE COUNSEL:

  **CHRISTINE NAN BIRD, ESQ**.
  Federal Public Defender's Office
  201 SW 2nd Street, Suite 102
  Ocala, FL  34471


COURT REPORTER:

  Shannon M. Bishop, RDR, CRR, CRC
  221 North Hogan Street, #150
  Jacksonville, FL  32202
  Telephone:  (904)549-1307
  dsmabishop@yahoo.com


  (Proceedings recorded by mechanical stenography;
transcript produced by computer.)

1               P R O C E E D I N G S

2    November 30, 2020                          10:33 a.m.

3                         - - -

4            COURT SECURITY OFFICER:  All rise.  The United States

5    District Court in and for the Middle District of Florida is now

6    in session.  The Honorable Philip R. Lammens presiding.

7            THE COURT:  Please be seated.

8            We have set this morning a change of plea hearing in

9    *United States verse Christina Catalano* -- Ms. Catalano is

10   present and represented today by Ms. Bird -- and Mr. Catalano.

11           And Mr. Catalano is present and represented by

12   Mr. Nielsen.

13           The case is 5:20-cr-40.  Mr. Felicetta represents the

14   United States.

15           It's my understanding that both defendants intend to

16   plead guilty this morning.

17           Is that correct, Ms. Bird, as to your client?

18           MS. BIRD:  Yes, sir.

19           THE COURT:  Mr. Nielsen, as to your client?

20           MR. NIELSEN:  Good morning, Your Honor.  Yes, that's

21   correct, sir.

22           THE COURT:  Okay.  You can keep your seat,

23   Mr. Nielsen.

24           And we'll proceed with them both at the same time.  I

25   know Ms. Catalano has two counts.  So I'll be sure to

1   distinguish those.

2          Madam Clerk, could you place Mr. and Ms. Catalano

3   under oath.

4          COURTROOM DEPUTY:  Do you solemnly swear that the

5   statements you make before the Court will be the truth, the

6   whole truth, and nothing but the truth, so help you God?

7          DEFENDANT C. CATALANO:  Yes, I do.

8          DEFENDANT J. CATALANO:  Yes, I do.

9          COURTROOM DEPUTY:  Please state your name for the

10  record.

11         DEFENDANT C. CATALANO:  Christina Lynn Catalano.

12         DEFENDANT J. CATALANO:  Joseph Samuel Catalano.

13         THE COURT:  Will you move that mic in front of him,

14  Mr. Nielson?  There you go.

15         All right.  You have both taken an oath to tell the

16  truth.  Let me advise you that if you fail to tell the truth or

17  if you leave out important information, your testimony can form

18  the basis of a felony prosecution for perjury or making a false

19  statement.

20         Your testimony today can be used against you in any

21  proceeding if you challenge the taking of your plea, the

22  judgment, the conviction, or the sentence.

23         Do you both understand?

24         And I'll ask Ms. Catalano -- you can respond first to

25  my questions, and then Mr. Catalano.

1            So do you both understand?

2            DEFENDANT C. CATALANO:  Yes, sir, I do.

3            DEFENDANT J. CATALANO:  Yes, I do, Your Honor.

4            THE COURT:  Okay.  You both have a right to plead

5    guilty.  But before the Court can accept a plea of guilty, it

6    is necessary for me to determine that your plea is made freely

7    and voluntarily and that there are facts to support it.

8            So it is necessary for me to ask you both questions

9    about the offense.  If you don't understand my questions or if

10   you need to speak with your attorneys, please let me know that.

11           You should both appreciate that by pleading guilty

12   you do waive and give up your right to remain silent.

13           Do you both understand all of that?

14           DEFENDANT C. CATALANO:  Yes, sir.

15           DEFENDANT J. CATALANO:  Yes, sir.

16           THE COURT:  I'll start by asking you both just a few

17   background questions.  And then we'll -- we'll talk about the

18   charges, the penalties, your rights, and sentencing issues.

19           Ms. Catalano, I'll start with you.

20           What is your date of birth?

21           DEFENDANT C. CATALANO:  December 16, 1981, sir.

22           THE COURT:  And how old are you?

23           DEFENDANT C. CATALANO:  38.

24           THE COURT:  You said 38?

25           DEFENDANT C. CATALANO:  Yes, sir.

1      THE COURT:  And how far did you go in school?

2      DEFENDANT C. CATALANO:  I have an associate's degree.

3      THE COURT:  Okay.  As you sit here today, are you

4  under the influence of any drugs or alcohol?

5      DEFENDANT C. CATALANO:  No, sir, I am not.

6      THE COURT:  Are you under the influence of any

7  medications?

8      DEFENDANT C. CATALANO:  Prescription medications.

9      THE COURT:  Okay.  Do they affect your ability to

10  think clearly?

11      DEFENDANT C. CATALANO:  No, sir.

12      THE COURT:  Are you suffering from any mental or

13  emotional disease or illness?

14      DEFENDANT C. CATALANO:  Yes, I do, sir.

15      THE COURT:  What is that?

16      DEFENDANT C. CATALANO:  I have CR-PTSD, bipolar,

17  manic depression.

18      THE COURT:  You said PTSD and bipolar and manic

19  depression?

20      DEFENDANT C. CATALANO:  Yes, sir.

21      THE COURT:  Do you treat with a medical provider for

22  those?

23      DEFENDANT C. CATALANO:  Yes, sir, I do.

24      THE COURT:  As you sit here today, are you

25  clear-headed?  Do you understand where you are, what's going

1    on, and the importance of these proceedings?

2              DEFENDANT C. CATALANO:  Yes, sir, I do.

3              THE COURT:  Ms. Bird, any concerns about your

4    client's competency to enter a plea?

5              MS. BIRD:  No, sir.

6              THE COURT:  Mr. Catalano, what is your date of birth?

7              DEFENDANT J. CATALANO:  December 8th of 1965.

8              THE COURT:  And how old are you, sir?

9              DEFENDANT J. CATALANO:  54.

10             THE COURT:  And how far did you go in school?

11             DEFENDANT J. CATALANO:  High school.

12             THE COURT:  Can you read, write, speak, and

13   understand English?

14             DEFENDANT J. CATALANO:  Yes, Your Honor.

15             THE COURT:  Ms. Catalano, I meant to ask you that.

16   You can read, write, speak, and understand English, correct?

17             DEFENDANT C. CATALANO:  Yes, sir, I can.

18             THE COURT:  Mr. Catalano, are you under the influence

19   of any drugs, alcohol, or medications?

20             DEFENDANT J. CATALANO:  Just prescribed medications,

21   Your Honor.

22             THE COURT:  Okay.  Do those prescribed medications

23   affect your ability to think clearly?

24             DEFENDANT J. CATALANO:  No, Your Honor.

25             THE COURT:  Are you suffering from any mental or

1   emotional disease or illness?

2          DEFENDANT J. CATALANO:  Yes, PTSD.  And I'm being

3   treated for depression.

4          THE COURT:  Okay.  As you sit here today, are you

5   clear-headed?  Do you understand where you are, what you're

6   doing, and the importance of these -- of this proceeding?

7          DEFENDANT J. CATALANO:  Yes, sir, Your Honor.

8          THE COURT:  Mr. Nielsen, any concerns about your

9   client's competency to enter a plea at this time?

10         MR. NIELSEN:  No, Your Honor.

11         THE COURT:  Mr. Felicetta, any concerns as to either

12  defendant?

13         MR. FELICETTA:  No, Your Honor.

14         THE COURT:  Let me advise you both that I am a United

15  States Magistrate Judge.  I'm not the judge that will sentence

16  either of you.  You'll be sentenced by a United States District

17  Judge.

18         You both have the right to plead guilty directly to

19  the district judge.  But with your consent, I can hear your

20  plea of guilty, and then I'll make a recommendation to the

21  district judge about accepting it.

22         I have on the bench a consent form that advises you

23  of what I just said and appears to be signed by both of you and

24  your attorneys.

25         Ms. Bird, does your client consent to have me take

1    her plea?  And did she sign this form?

2             MS. BIRD:  Yes, Your Honor, she does.  And she did

3    sign that form.

4             THE COURT:  Ms. Catalano, you agree?

5             DEFENDANT C. CATALANO:  Yes, sir, I agree.

6             THE COURT:  Mr. Nielsen, does your client consent to

7    have me take his plea?  And did he sign the form as well?

8             MR. NIELSEN:  Yes, sir.

9             THE COURT:  Mr. Catalano, you agree?

10            DEFENDANT J. CATALANO:  Yes, Your Honor.

11            THE COURT:  Let me advise you both of the rights that

12    you have.  You both have a right to be represented by an

13    attorney, as you both have been, at trial and at each and every

14    stage of these criminal proceedings.

15            That right exists whether or not you can afford an

16    attorney.  And that right exists whether you plead guilty or

17    not guilty.

18            Do you both understand that?

19            DEFENDANT C. CATALANO:  Yes, sir.

20            DEFENDANT J. CATALANO:  Yes, sir.

21            THE COURT:  You have the right to plead not guilty.

22    If you maintain a plea of not guilty, you have the following

23    rights under the Constitution and laws of the United States.

24            You have a right to a speedy and public trial and to

25    be tried by a jury of 12 jurors.  All 12 of the jurors must

1    unanimously agree on your guilt before you can be convicted.

2             You are both presumed innocent.  The United States

3    must prove your guilt beyond a reasonable doubt.

4             At trial you have the right to confront and

5    cross-examine the government's witnesses and to challenge the

6    government's evidence.

7             You both have a right to present your own evidence

8    and your own witnesses.  And the Court can compel the

9    attendance of your witnesses.

10            You each have a right to testify at trial, but you

11   also have a right to remain silent.  The choice to testify

12   would be entirely up to you.

13            Ms. Catalano, do you understand those rights?

14            DEFENDANT C. CATALANO:  Yes, sir, I do.

15            THE COURT:  Mr. Catalano?

16            DEFENDANT J. CATALANO:  Yes, Your Honor.

17            THE COURT:  If you plead guilty, you should both know

18   that you will waive and give up the rights that I just told you

19   about.  There would not be a trial.  And on your guilty plea,

20   the district judge would find you guilty and convict you.  And

21   the next proceeding would be your sentencing.

22            Do you both understand that?

23            DEFENDANT C. CATALANO:  Yes, sir.

24            DEFENDANT J. CATALANO:  Yes, sir.

25            THE COURT:  A plea of guilty admits the truth of the

1    charge, while a plea of not guilty denies the charge.

2         You understand the difference, correct, Ms. Catalano?

3         DEFENDANT C. CATALANO:  Yes.  Yes, sir, I do.

4         DEFENDANT J. CATALANO:  Yes, sir, I do.

5         THE COURT:  You may each have defenses to the charge

6    against you.  But if you plead guilty, you do waive and give up

7    your right to assert those defenses.

8         By pleading guilty you also waive and give up your

9    right to challenge the way that the government obtained the

10   evidence it has against you, including any statements or

11   confessions you may have made.

12        By pleading guilty you may lose certain civil rights,

13   such as your right to vote, hold public office, serve on

14   juries, and to own and possess firearms.

15        Do you each understand these consequences of pleading

16   guilty?

17        DEFENDANT C. CATALANO:  Yes, sir, I do.

18        DEFENDANT J. CATALANO:  Yes, sir, I do.

19        THE COURT:  Did you both receive a copy of the

20   indictment; that is, the written document that sets forth the

21   charges against both of you?

22        DEFENDANT C. CATALANO:  Yes, sir.

23        DEFENDANT J. CATALANO:  Yes, sir.

24        THE COURT:  Did you discuss the charges against you

25   and the possible penalties with your attorney?

1    DEFENDANT C. CATALANO:  Yes, sir.

2    DEFENDANT J. CATALANO:  Yes, sir.

3    THE COURT:  Did you -- or, rather, did your attorney

4    answer all of the questions you may have had?  And did you

5    explain to your attorney everything you know about your case?

6    DEFENDANT C. CATALANO:  Yes.

7    DEFENDANT J. CATALANO:  Yes, sir.

8    THE COURT:  Let me discuss the charges against both

9    of you and what the government must prove, as well as the

10   penalties.

11   Ms. Catalano is charged in Counts One and Two of the

12   indictment.  Mr. Catalano is charged just in Count Two.

13   Count One charges Ms. Catalano with disaster

14   assistance fraud, in violation of Title 18 of the United States

15   Code, Section 1040.

16   Count Two charges Ms. Catalano and Mr. Catalano with

17   making a material false statement to a federal agency, which is

18   in violation of Title 18 of the United States Code, Section

19   1001, subsection (a)(2).

20   As to Count One, it's alleged that between on or

21   about September 15th, 2017, and November 20th, 2017, in the

22   Middle District of Florida, and elsewhere, that Ms. Catalano

23   knowingly made a material -- materially false, fictitious, and

24   fraudulent statement and representation, in a matter involving

25   a benefit authorized, transported, transmitted, transferred,

1  distributed, and paid, in and affecting interstate commerce,

2  said benefit being a record, voucher, payment, money, and thing

3  of value of the United States and the Federal Emergency

4  Management Agency, which is a department and agency of the

5  United States, in connection with a major disaster declaration

6  under Title 42 of the United States Code.

7          In that, Ms. Catalano made a fraudulent application

8  for assistance from FEMA's Individuals and Households program

9  for Hurricane Irma, in which she falsely represented the

10  existence and location of her primary residence.

11          In order to secure a conviction as to Count One, the

12  government would have to prove beyond a reasonable doubt,

13  Ms. Catalano, that you knowingly made a material false or

14  fraudulent statement or representation, that the statement or

15  representation was in connection with a benefit, that the

16  benefit was in connection with a major disaster declaration

17  under Title 42 of the United States Code, and that the benefit

18  was a record, voucher, payment, money, or thing of value of the

19  United States or the Federal Emergency Management Agency.

20          The penalties for Count One:  The maximum sentence

21  you could receive is 30 years.  You could also be fined up to

22  $250,000, receive a term of supervised release of up to five

23  years.  That's after imprisonment.  You are monitored by a

24  probation officer subject to certain terms and conditions,

25  which, if violated, could result in additional imprisonment,

1    and you'd have to pay a $100 special assessment.

2           Do you understand what you're charged with and what

3    the potential penalties are as to Count One?

4           DEFENDANT C. CATALANO:  Yes, sir, I do.

5           THE COURT:  Count Two charges that on or about

6    January 31st, 2020, in the Middle District of Florida and

7    elsewhere, that Ms. Catalano and Mr. Catalano did knowingly and

8    willfully make a material false, fictitious, and fraudulent

9    statement, and representation, in a matter within the

10   jurisdiction of the executive branch of the government of the

11   United States, by making false statements to an agent of the

12   U.S. Department of Homeland Security, Office of Inspector

13   General that Christina Catalano lived in a travel trailer that

14   was destroyed by Hurricane Irma.

15          The statements and representations were false

16   because, as Christina Catalano and Joseph Catalano then and

17   there knew, there was no such travel trailer.  And the alleged

18   damage from Hurricane Irma was fabricated in order to defraud

19   the government.

20          To prove Count Two, the government must show that you

21   each made the statement as charged, the statement was false,

22   the falsity concerned the material matter, you each acted

23   willfully, knowing that the statement was false, and the false

24   statement was made or used for a matter within the jurisdiction

25   of a department or agency of the United States.

1        That count carries a maximum sentence of up to five

2   years' imprisonment, a fine of not more than $250,000, a term

3   of supervised release of not more than three years, and a

4   special assessment of $100.

5        As to Counts One and Two, the government can seek

6   forfeiture of any proceeds or profits from the offense.  And

7   the Court can order restitution to any victim of the offense.

8        And in the notice of maximum penalties, specifically

9   as to Ms. Catalano, it says the United States will be seeking

10  restitution in the amount of $18,985.80.

11       Ms. Catalano, do you understand all these potential

12  penalties?

13       DEFENDANT C. CATALANO:  Yes, sir, I do.

14       THE COURT:  Mr. Catalano, do you understand what

15  you're charged with, what the government must prove, and the

16  potential penalties as to you, sir?

17       DEFENDANT J. CATALANO:  Yes, Your Honor.

18       THE COURT:  Mr. Felicetta, did I accurately state the

19  offenses, the elements, and the penalties?

20       MR. FELICETTA:  Yes, Judge, I agree.

21       THE COURT:  Ms. Bird, as to your client?

22       MS. BIRD:  I agree.

23       THE COURT:  Mr. Nielsen, as to your client?

24       MR. NIELSEN:  Yes, sir.

25       THE COURT:  The United States Sentencing Guidelines

1   applies in both of your cases.  Have you discussed the

2   guidelines with your attorney and how they might be applied to

3   you?

4            Ms. Catalano?

5            DEFENDANT C. CATALANO:  Yes, sir.

6            THE COURT:  Mr. Catalano?

7            DEFENDANT J. CATALANO:  Yes, Your Honor.

8            THE COURT:  I won't go into too much detail about the

9   guidelines, but I do want to make sure that you each understand

10  a few things, including that the guidelines are only advisory.

11           First, in determining your sentence, the district

12  judge will calculate a guideline range.  The probation office

13  will help him do that by preparing a presentence investigation

14  report.

15           You'll be each separately interviewed for that

16  report.  And you'll have an opportunity to review the report

17  that applies to you and make objections to it before

18  sentencing.

19           In determining the guideline range, the Court

20  considers various factors; for example, any criminal history

21  you might have, the nature of the criminal history, whether

22  there were victims of this offense, the role you played in it,

23  the amount of any monetary loss, and whether you've accepted

24  responsibility.

25           In determining your sentence, the judge considers the

1  guideline range, any possible departures under the guidelines,

2  and also statutory sentencing factors.

3          These factors include the nature and circumstances of

4  the offense, each of your personal histories and

5  characteristics, and the need for the sentence imposed to

6  reflect the seriousness of the offense.

7          Have you each discussed all of that with your

8  attorney?

9          Ms. Catalano?

10         DEFENDANT C. CATALANO:  Yes, Your Honor.

11         THE COURT:  Mr. --

12         DEFENDANT J. CATALANO:  Yes, Your Honor.

13         THE COURT:  Ms. Catalano, you said yes?  Sorry?

14         DEFENDANT C. CATALANO:  Yes, sir.

15         THE COURT:  Okay.  Once the district judge determines

16  what guidelines apply to your case, it's important to

17  understand that he does have the authority to impose a sentence

18  that is higher or lower than the sentence that the guidelines

19  recommend.

20         He does have the authority to impose a sentence up to

21  the maximum that's allowed by law.  So the judge isn't bound by

22  the guidelines.  They're only advisory.

23         Do you each understand that?

24         DEFENDANT C. CATALANO:  Yes, Your Honor.

25         DEFENDANT J. CATALANO:  Yes, Your Honor.

17

1          THE COURT:  Just a few other things about sentencing.

2     You should both know that the United States can appeal a

3     sentence that the judge imposes, that there is no parole in the

4     federal system, and that the sentence the judge imposes might

5     be different than any estimated sentence that your attorney or

6     anyone else suggested to you.

7          It might, for example, be higher than what you

8     expect.  If that happens, you would still be bound by your

9     guilty plea, you wouldn't have a right to withdraw it based on

10    that fact alone.

11         Do you each understand all of those things?

12         DEFENDANT C. CATALANO:  Yes, Your Honor.

13         DEFENDANT J. CATALANO:  Yes, Your Honor.

14         THE COURT:  You do each have a limited time to

15    appeal.  That period is 14 days from the date the district

16    judge enters judgment against you.

17         Have you each understood everything we've discussed

18    so far, your rights, the rights you give up by pleading guilty,

19    the charge or charges against you, the potential penalties and

20    consequences, and the sentencing guidelines?

21         DEFENDANT C. CATALANO:  Yes, Your Honor.

22         DEFENDANT J. CATALANO:  Yes, Your Honor.

23         THE COURT:  Ms. Catalano, let me ask you directly how

24    you plead, guilty or not guilty, to Counts One and Two of the

25    indictment?

1          DEFENDANT C. CATALANO:  I plead guilty, sir.

2          THE COURT:  Mr. Catalano, let me ask you directly how

3   you plead, guilty or not guilty, to Count One of -- I'm sorry,

4   to Count Two of the indictment?

5          DEFENDANT J. CATALANO:  Guilty, Your Honor.

6          THE COURT:  As to each of you, the government has

7   filed the notice of maximum penalties.  That notice of maximum

8   penalties contains a personalization of elements that I'll ask

9   you both about in a moment.  And it also contains a factual

10  basis as to each of you.

11         So, Ms. Catalano, yours is filed at document 61.  And

12  there's a factual basis set forth in that document.

13         Did you read the factual basis in document 61?

14         DEFENDANT C. CATALANO:  Yes, Your Honor.  Yes, Your

15  Honor.

16         THE COURT:  And do you agree with the facts that are

17  set forth in document 61?  Are they the facts of your case?

18  Are they, indeed, the facts of what you did?

19         DEFENDANT C. CATALANO:  Yes, Your Honor.

20         THE COURT:  Let me ask you about each element of the

21  offense.  And this is on page 3.  I see you have it in front of

22  you.

23         Do you admit that between -- this is as to Count One.

24         Do you admit that between or on about September 15th,

25  2017, and November 20th, 2017, in the Middle District of

1  Florida, that you knowingly made a material false or fraudulent

2  statement, that is, you falsely stated in an application for

3  disaster assistance benefits involving the Federal Emergency

4  Management Agency, that your primary residence was a travel

5  trailer located at 2250 East Mars Street in Inverness, Florida?

6           DEFENDANT C. CATALANO:  Yes, Your Honor, I admit it.

7           THE COURT:  Do you admit that the false statement was

8  in connection with your application for disaster assistance

9  benefits involving Hurricane Irma?

10          DEFENDANT C. CATALANO:  Yes, I admit it, Your Honor.

11          THE COURT:  And do you acknowledge that the disaster

12 assistance benefits were in connection with a major disaster

13 declaration under Title 42 of the United States Code?

14          DEFENDANT C. CATALANO:  Yes, Your Honor, I admit it.

15          THE COURT:  As to Count Two, Ms. Catalano, do you

16 admit that on January 31st, 2020, in the Middle District of

17 Florida, in substance, you represented that you lived in a

18 travel trailer that was destroyed by Hurricane Irma?

19          DEFENDANT C. CATALANO:  Yes, Your Honor, I admit it.

20          THE COURT:  Do you admit that such statement was

21 false and that such statement concerned a material matter?

22          DEFENDANT C. CATALANO:  Yes, Your Honor.  I admit it.

23          THE COURT:  Do you admit that you acted willfully,

24 knowing that the statement was false?

25          DEFENDANT C. CATALANO:  Yes, Your Honor, I admit it.

1        THE COURT:  And that the statement was made to an

2    agent of the Department of Homeland Security, Office of

3    Inspector General, in a matter within the jurisdiction of a

4    department of the United States?

5        DEFENDANT C. CATALANO:  Yes, Your Honor, I admit it.

6    And I take 100 percent responsibility.

7        THE COURT:  I find that there are sufficient facts in

8    the factual basis that is admitted by Ms. Catalano, and as to

9    each element of the offense that we discussed directly, to

10   support a plea of guilty as to both Counts One and Two.

11       Mr. Catalano, the same series of questions for you.

12   In document 62 there's a factual basis that the government

13   filed as part of the notice of maximum penalties.

14       Did you read that factual basis as it pertains to

15   you, sir?

16       DEFENDANT J. CATALANO:  Yes, I did, Your Honor.

17       THE COURT:  Do you agree with those facts?  Are they,

18   indeed, the facts of your case?  Are they the facts of what you

19   did, sir?

20       DEFENDANT J. CATALANO:  Yes, Your Honor, I agree.

21       THE COURT:  Let me ask you, then, about each element

22   of the offense.  This is on page 2 and 3 of that document.

23       Do you admit that on January 31st, 2020, in the

24   Middle District of Florida, in substance, you represented that

25   Christina Lynn Catalano lived in a travel trailer that was

1  destroyed by Hurricane Irma?

2         DEFENDANT J. CATALANO:  Yes, I did, Your Honor.  I

3  take full responsibility that I knowingly did make a false

4  statement.

5         THE COURT:  Let me ask you about each of these

6  elements here.

7         Do you admit that such statement was false and that

8  such statement concerned a material matter?

9         DEFENDANT J. CATALANO:  Yes, sir, Your Honor, I admit

10  to the guiltiness.

11         THE COURT:  Do you admit that you acted willfully,

12  knowing that the statement was false?

13         DEFENDANT J. CATALANO:  Yes, Your Honor, I did.

14         THE COURT:  And do you admit that the statement was

15  made to an agent of the Department of Homeland Security, Office

16  of Inspector General, in a matter within the jurisdiction of a

17  department of the United States?

18         DEFENDANT J. CATALANO:  Yes, I fully understand, Your

19  Honor.  Yes.

20         THE COURT:  I find based on the factual basis, which

21  you admit, and my discussion with you about each of the

22  elements of the offense, that there are sufficient facts to

23  support a plea of guilty as to Count Two of the indictment.

24         Mr. Felicetta, are there any other facts you think

25  need to be addressed by Mr. or Ms. Catalano?

1          MR. FELICETTA:  No, Your Honor.  We're satisfied with

2   the plea colloquy.

3          THE COURT:  Are you each pleading guilty freely and

4   voluntarily?

5          DEFENDANT C. CATALANO:  Yes, Your Honor.

6          DEFENDANT J. CATALANO:  Yes, Your Honor.

7          THE COURT:  Did anyone make any promises -- I'm

8   sorry.  Did anyone threaten you, force you, coerce you,

9   intimidate you in any way, or make any promises to you to get

10  you to plead guilty?

11         DEFENDANT C. CATALANO:  No, Your Honor.

12         DEFENDANT J. CATALANO:  No, Your Honor.

13         THE COURT:  Ms. Bird, you're not aware of any threats

14  or promises, are you?

15         MS. BIRD:  No, Your Honor.

16         THE COURT:  Mr. Nielsen?

17         MR. NIELSEN:  No, sir.

18         THE COURT:  Mr. Felicetta?

19         MR. FELICETTA:  No, Your Honor.

20         THE COURT:  Ms. Catalano, you've been represented by

21  Mr. Rosenblum, correct?

22         DEFENDANT C. CATALANO:  Yes, sir.

23         THE COURT:  Have you discussed your case fully with

24  him?  Have you had enough time to talk with him?  And are you

25  satisfied with the way he has represented you?

```
 1              DEFENDANT C. CATALANO:  Yes, sir.
 2              THE COURT:  And did you have a chance to talk with
 3   Ms. Bird, who also works for the Federal Public Defender?
 4              DEFENDANT C. CATALANO:  Yes, sir.
 5              THE COURT:  Okay.  And are you satisfied with the way
 6   you've been represented in this case?
 7              DEFENDANT C. CATALANO:  Yes, sir.
 8              THE COURT:  Did anyone suggest that you answer
 9   untruthfully today?
10              DEFENDANT C. CATALANO:  No, sir.
11              THE COURT:  And did you, indeed, tell the truth?
12              DEFENDANT C. CATALANO:  Yes, sir.
13              THE COURT:  Mr. Catalano, have you discussed your
14   case fully with Mr. Nielsen?  Have you had enough time to talk
15   with him?  And are you satisfied with the way he has
16   represented you?
17              DEFENDANT J. CATALANO:  Yes, Your Honor, I am.
18              THE COURT:  Did anyone tell you to answer
19   untruthfully today?
20              DEFENDANT J. CATALANO:  No, sir.  Nobody -- nobody
21   told me to answer untruthfully.
22              THE COURT:  And did you, indeed, tell the truth, sir?
23              DEFENDANT J. CATALANO:  I -- yes, I did, sir.
24              THE COURT:  Ms. Bird, are you satisfied with the plea
25   colloquy?
```

1        MS. BIRD:  Yes, Your Honor.

2        THE COURT:  Mr. Nielsen?

3        MR. NIELSEN:  Yes, sir.

4        THE COURT:  I find that you are both now alert and

5   intelligent, that you both understand the nature of the charge

6   or charges against each of you, and the possible penalties, and

7   that you each appreciate the consequences of pleading guilty.

8        I find, as I said, that the facts that the United

9   States is prepared to prove as to each of you, and which by

10  your guilty pleas you admit, do state all of the essential

11  elements of the offense or offenses to which you have pled

12  guilty.

13       I find that your decisions to plead guilty are

14  freely, voluntarily, knowingly, and intelligently made, and

15  that each of you has had the advice and counsel of a competent

16  attorney, with whom you say you are satisfied.

17       Ms. Catalano, do you agree with those findings?

18       DEFENDANT C. CATALANO:  Yes, I do, Your Honor.

19       THE COURT:  Mr. Catalano?

20       DEFENDANT J. CATALANO:  Yes, sir, I do.

21       THE COURT:  I'll make a written report to the

22  district judge recommending that he accept each of your guilty

23  pleas.  You both have 14 days to object to that recommendation.

24       Your sentencings will be in approximately two months.

25  You and your attorneys will, of course, have an opportunity to

1    speak and be heard at your sentencing hearings.

2             Ms. Bird, is there anything else with respect to the

3    plea for Ms. Catalano?

4             MS. BIRD:  No, Your Honor.

5             THE COURT:  Or anything else for that matter, I

6    suppose?

7             MS. BIRD:  Not with respect to this client, Your

8    Honor.

9             THE COURT:  Mr. Catalano, with respect to the -- I'm

10   sorry.

11            Mr. Nielsen, with respect to the plea, is there

12   anything else for Mr. Catalano?

13            MR. NIELSEN:  No, Your Honor.

14            THE COURT:  Mr. Felicetta, as to either defendant,

15   anything with respect to the plea?

16            MR. FELICETTA:  No, Your Honor.

17            THE COURT:  All right.  So let's take a moment, then,

18   to discuss the petition for conditions of pretrial release --

19   or, I'm sorry, the petition for action on conditions of

20   pretrial release as to Mr. Catalano.

21         (Whereupon the digitally recorded proceedings regarding

22   Christina Lynn Catalano concluded at 11:05 a.m.)

23                              - - -

24

25

**CERTIFICATE**

UNITED STATES DISTRICT COURT     )
                                 )
MIDDLE DISTRICT OF FLORIDA       )


        I hereby certify that the foregoing transcript is a
true and correct computer-aided transcription from the official
electronic sound recording of the proceedings in the
above-entitled matter.


        DATED this 7th day of April, 2021.



            s/Shannon M. Bishop

            Shannon M. Bishop, RDR, CRR, CRC