```
                IN THE UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          OCALA DIVISION

UNITED STATES OF AMERICA,        Jacksonville, Florida

         Plaintiff,              Case No. 5:20-cr-40-Oc-28PRL

  vs.                            February 17, 2021

CHRISTINA LYNN CATALANO,         9:07 a.m.

         Defendant.
_____


                   SHOW CAUSE HEARING VIA ZOOM
              BEFORE THE HONORABLE PHILIP R. LAMMENS
                 UNITED STATES MAGISTRATE JUDGE


 GOVERNMENT COUNSEL:

      MICHAEL FELICETTA, ESQ.
      US Attorney's Office - FLM
      35 SE 1st Avenue, Suite 300
      Ocala, FL  34471


 DEFENSE COUNSEL:

      MARK ROSENBLUM, ESQ.
      Federal Public Defender's Office
      201 SW 2nd Street, Suite 102
      Ocala, FL  34471


 COURT REPORTER:

      Shannon M. Bishop, RDR, CRR, CRC
      221 North Hogan Street, #150
      Jacksonville, FL  32202
      Telephone:  (904)549-1307
      dsmabishop@yahoo.com


      (Proceedings recorded by mechanical stenography;
 transcript produced by computer.)
```

1                      P R O C E E D I N G S
2    February 17, 2021                                    9:07 a.m.
3                               - - -
4             THE COURT:  Good morning, everyone.  Can you hear me
5    okay?
6             MR. FELICETTA:  Yes, sir.
7             MR. ROSENBLUM:  Yes, Your Honor.  Good morning.
8             THE COURT:  Hang on one second.
9             This is Case No. 5:20-cr-40, the *United States verse*
10   *Christina Catalano*.
11            Mr. Felicetta represents the United States.
12            Mr. Rosenblum represents Ms. Catalano.
13            My understanding is that Ms. Catalano appeared in the
14   Tampa division recently on an arrest warrant for a petition for
15   action on conditions of pretrial release.
16            In that petition it was alleged that she violated her
17   pretrial release, in that she tested positive for the use of
18   controlled substances, namely methamphetamine, and that on a
19   different date she had failed to submit a urine sample as
20   required.
21            The minutes reflect that she admitted those
22   violations at the previous hearing.  The government sought
23   detention.  And the bond hearing was requested to be held here.
24            Does all that sound right, Mr. Felicetta?
25            MR. FELICETTA:  Yes, Your Honor.  That's my

```
 1  understanding.
 2          THE COURT:  Did all that sound right?
 3          MR. FELICETTA:  Yes, Judge.  Can you hear me?
 4          THE COURT:  I can hear you.  Can you hear me?
 5          MR. FELICETTA:  Yes, Your Honor.
 6          THE COURT:  I was asking Mr. Rosenblum.
 7          MR. FELICETTA:  Oh, okay.  Thank you.
 8          MR. ROSENBLUM:  Yes, Your Honor.  That's my
 9  understanding of what happened.
10          THE COURT:  All right.  And so we're proceeding now
11  on a detention hearing.
12          You do have a right to a bond hearing, Ms. Catalano.
13  I should back up and say that you do have a right to have the
14  hearing in person, if you request that.
15          We have, because of the pandemic, been conducting our
16  hearings virtually through videoconference.  And that is the
17  way we are set up to proceed this morning.
18          Mr. Rosenblum, does Ms. Catalano agree to proceed by
19  video?
20          MR. ROSENBLUM:  Yes, Your Honor.
21          THE COURT:  Ms. Catalano, you have a right to a bond
22  hearing.  That is a hearing to determine whether you're
23  eligible for a bond and, if so, on what terms and conditions,
24  or if you should be held in custody because you're a risk of
25  non-appearance or a danger to the community, or both.
```

1    Because the violations are admitted, there is clear
2 and convincing evidence that the defendant violated the
3 conditions of her release.  The question then is whether she
4 should be released on new conditions or held in custody.
5    The Court does consider the factors of 3142 and
6 whether the defendant poses a risk of flight or a danger to the
7 community, or that the defendant is unlikely to abide by any --
8 by any condition of release.
9    Mr. Felicetta, what is the government's position?
10   MR. FELICETTA:  Your Honor, we do maintain our
11 request for detention.  Sentencing is set for Friday.  So we're
12 only two days away from sentencing now.
13   The presentence report reflects a guideline range of
14 33 to 41 months.  There's, I think, one objection by the
15 defense which could bring it down slightly.
16   But, in any case, she doesn't have any time in
17 custody on this case.  So in light of the short time between
18 now and sentencing, and the likelihood of incarceration, as
19 well as the reasons set forth in the violation summary, I'd ask
20 that she be detained for the next two days.
21   THE COURT:  Mr. Rosenblum?
22   MR. ROSENBLUM:  Yes, Your Honor.  Ms. Catalano
23 understands that with sentencing two days away, it makes sense
24 not to -- not to request a bond at this point, given the
25 violations.  So she stipulates to detention and is just wanting

```
 1  to get in front of Judge Antoon for sentencing as soon as
 2  possible.
 3          THE COURT:  All right.  Well, it sounds like that's
 4  scheduled to happen pretty quickly, then.
 5          MR. ROSENBLUM:  Yes, sir.
 6          THE COURT:  All right.  Well, I suppose that's
 7  everything, then.  The bond is revoked.  You'll remain in
 8  custody through your sentencing, of course.  And then your case
 9  will be resolved, at least with respect to that, once your
10  sentencing is conducted.
11          Mr. Rosenblum, is there anything else, then, to take
12  up for Ms. Catalano?
13          MR. ROSENBLUM:  No, Your Honor.
14          THE COURT:  Mr. Felicetta?
15          MR. FELICETTA:  No, Judge.  Thank you.
16          THE COURT:  All right.  We'll be in recess.  Thank
17  you.  And good luck.
18          THE DEFENDANT:  Thank you.
19     (The Zoom proceedings concluded at 10:27 a.m.)
20                             - - -
21
22
23
24
25
```

## CERTIFICATE

UNITED STATES DISTRICT COURT    )
                                )
MIDDLE DISTRICT OF FLORIDA      )

       I hereby certify that the foregoing transcript is a true and correct computer-aided transcription from the official Zoom recording of the proceedings in the above-entitled matter.

       DATED this 7th day of April, 2021.


               s/Shannon M. Bishop

               Shannon M. Bishop, RDR, CRR, CRC