[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 21-10759

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

versus

CHRISTINA LYNN CATALANO,

                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:20-cr-00040-JA-PRL-1

_____

Case 5:20-cr-00040-JA-PRL   Document 172   Filed 08/30/22   Page 2 of 7 PageID 723
USCA11 Case: 21-10759   Date Filed: 08/29/2022   Page: 2 of 4

2                        Opinion of the Court                   21-10759

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

PER CURIAM:

In the District Court, Christina Catalano pled guilty to violating 18 U.S.C. § 1040 (disaster assistance fraud), Count 1, and 18 U.S.C. § 1001(a)(2) (making false statements to a federal agency), Count 2, and was sentenced to prison for a total of 30 months. The Count 1 offense occurred when Catalano obtained disaster relief from the Federal Emergency Management Agency ("FEMA") based on fraudulent claims that Hurricane Irma, which hit Florida in 2017, destroyed much of her property. The Count 2 offense occurred when she made false statements to FEMA agents about the extent of her loss. Catalano entered both guilty pleas without a plea agreement.

Catalano does not appeal her convictions and sentence on the ground that the District Court erred in accepting her guilty pleas or imposing her sentence. Instead, transforming her appeal into a motion for collateral relief under 28 U.S.C. § 2255, she asks us to set aside her guilty pleas and remand the case for further proceedings because her court appointed attorney rendered ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984),[1] in advising her not to accept the

---

[1] In her opening brief in this appeal, Catalano states that the District Court had jurisdiction of this case pursuant to the power to grant writs statute, 28 U.S.C. § 2241. Appellant's Br. at 1. Her brief states that this Court has

21-10759    Opinion of the Court    3

Government's earlier offer to plead guilty to Count 1 in exchange for the dismissal of Count 2.[2] Had she accepted the Government's offer, the Sentencing Guidelines would have called for a sentence of 27 to 33 months imprisonment based on an offense level of 11 (calculated under U.S.S.G. § 2B1.1 *et seq.*) and a criminal history category of VI. Because she plead guilty to Counts 1 and 2, the sentencing range the District Court adopted (as recommended by its probation office) called for a term of 33 to 41 months imprisonment based on an offense level of 13 and a criminal history category of VI. The offense level was 13 instead of 11 because the Court adjusted the offense level on Count 1 by 2 levels pursuant to U.S.S.G. § 3C1.1 for obstruction of justice, *i.e.,* the conduct charged in Count 2. Absent the guilty plea to Count 2, Catalano contends, the Court would not have applied the § 3C1.1 adjustment because

---

jurisdiction under 28 U.S.C. § 1291, which gives the courts of appeal jurisdiction to review final decisions of the district courts. The Government's brief disagrees with Catalano about the District Court's jurisdiction. Its brief states that the District Court had jurisdiction under 18 U.S.C. § 3231, which gives district court's jurisdiction to try offenses against the United States, and that this Court has jurisdiction to entertain this appeal under 28 U.S.C. § 1291 (review of final judgment) and 18 U.S.C. § 3742(a) (review of sentence). Appellee's Br. at v. The Government's brief has it right on the issues of jurisdiction.

[2] Catalano's attorney apparently made a strategic decision in advising Catalano to plead guilty to both counts in that Catalano would retain the right to appeal her sentences. The Government conditioned its plea offer on Catalano's waiver of the right to appeal the sentence imposed on Count 1 based on the Court's misapplication of the Sentencing Guidelines.

4                          Opinion of the Court                       21-10759

her false statement to the FEMA agents would not have significantly impeded or obstructed the official investigation.

As it turned out, the Court imposed a sentence, 30 months, within the 27 to 33 months sentencing range Catalano desired and thus varied downwards from the 33 to 41 months sentencing range the Court calculated.  At sentencing, Catalano's attorney informed the Court thus: "And I've told Ms. Catalano that if the Court does go to the 33- to 41-month range, then she ought to file a 2255 against me for my ineffective assistance."  Instead of filing the § 2255 motion in the District Court, Catalano brings the motion here.  As we have explained many times before, "[w]e will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).  While we have recognized a narrow exception to this general rule when the record about the ineffective assistance of counsel claim is "sufficiently developed," *id.*, the record here about Catalano's ineffective assistance of counsel claim is practically nonexistent.  Catalano's brief presents no argument of sentencing error, so to the extent we consider this appeal as challenging the 30 months term of imprisonment, the appeal is meritless.

**AFFIRMED.**[3]

---

[3] We affirm without prejudice to Catalano's right to move the District Court for relief under 28 U.S.C. § 2255.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 29, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-10759-JJ
Case Style: USA v. Christina Catalano
District Court Docket No: 5:20-cr-00040-JA-PRL-1

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>Tiffany A. Tucker, JJ</u> at <u>(404)335-6193</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion

| | |
|---|---|
| **From:** | ecf_help@ca11.uscourts.gov |
| **To:** | FLMD_EFILE_APPEALS |
| **Subject:** | 21-10759-JJ USA v. Christina Catalano "Opinion Issued On the Courts own Motion Opinion" (5:20-cr-00040-JA-PRL-1) |
| **Date:** | Monday, August 29, 2022 12:34:48 PM |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## United States Court of Appeals for the Eleventh Circuit

**Notice of Docket Activity**

The following transaction was filed on 08/29/2022

**Case Name:**   USA v. Christina Catalano
**Case Number:**  21-10759
**Document(s):**  Document(s)

**Docket Text:**
Opinion issued by court as to Appellant Christina Lynn Catalano. Decision: Affirmed. Opinion type: Non-Published. Opinion method: Per Curiam. The opinion is also available through the Court's Opinions page at this link http://www.ca11.uscourts.gov/opinions.

**Notice will be electronically mailed to:**

Anne F. Borghetti, Attorney
Clerk - Middle District of Florida, Clerk of Court
Dawn A. Tiffin
U.S. Attorney Service - Middle District of Florida

**Notice sent via US Mail to:**

Christina Lynn Catalano
73812-018
Orange County Jail - Inmate Legal Mail
PO BOX 4970
ORLANDO, FL 32802

The following document(s) are associated with this transaction:
**Document Description:** Opinion
**Original Filename:** 202110759.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=08/29/2022] [FileNumber=9748591-0]
[60ee67dd8c99c478f303805aee1bd67ec3b379ce0fc989dfd6227f75b8733d8325e393e13f893f941bc4420bd2bfce6500257fbe2e150d12536758f4f024ff89]]

**Document Description:** OPIN-1 Notice to Counsel/Parties
**Original Filename:** /opt/ACECF/live/forms/DjuannaClark_2110759_9748591_OPIN-1NtcofIssuanceofOpinion_300.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=08/29/2022] [FileNumber=9748591-1]
[8d822ba1a0e022df51ea069304bda1b70547b3eef7b0467f27f20e8e8869440230a7d25d71fb0b965394b43aaa1e1455ff29ffc63866b815c51c7f29bc524363]]
**Recipients:**

- Anne F. Borghetti, Attorney
- Christina Lynn Catalano
- Clerk - Middle District of Florida, Clerk of Court
- Dawn A. Tiffin
- U.S. Attorney Service - Middle District of Florida