UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 5:20-cr-40-JA-PRL

CHRISTINA CATALANO

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

On December 22, 2025, the defendant submitted a motion to the Court requesting early termination of her supervised release. Doc. 174. The undersigned has communicated with the defendant's probation officer, Krista Smith, and reviewed the government's case. The government does not oppose the motion.

Title 18, United States Code, Section 3583(e)(1) provides that the Court has authority to terminate the defendant's supervised release after one year of supervision if the Court is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice. "Supervised release was designed to improve the odds of a successful transition from prison to liberty." *United States v. Perry*, 397 Fed. App'x 521, 522 (11th Cir. 2010) (citing *Johnson v. United States*, 529 U.S. 694, 708-09 (2000)). "The statute's requirement that courts examine §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), before terminating supervised release, however, indicates that these were not Congress's only goals; the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, and uniformity of

sentences among defendants committing the same types of crimes, are all also considerations related to supervised release." *Perry*, 397 Fed. App'x at 522.

Here, the defendant has been successful in her supervised release term. She has completed all requirements imposed by the Court with the exception of restitution. During her term, she has timely made monthly payments towards the restitution, totaling $3,495. There is a balance owed of $15,690, which the defendant understands is still owed if supervision is terminated. The defendant has had no violations or non-compliance issues. Her probation officer described her as "cooperative and friendly" with the probation office. The defendant obtained her driver's license and has maintained verifiable employment on supervision. She remains fully compliant in all respects.

The defendant's probation officer believes that continued supervision is no longer necessary, and the government agrees.

THEREFORE, the United States respectfully requests that this Court grant defendant's request for early termination of supervised release.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Michael P. Felicetta*
Michael P. Felicetta
Assistant United States Attorney
Florida Bar No. 094468
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: michael.felicetta@usdoj.gov

**U.S. v. CHRISTINA CATALANO** **Case No. 5:20-cr-40-JA-RL**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2026, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Christina Catalano
914 W Coral Street
Tampa, FL 33605

/s/ Michael P. Felicetta
Michael P. Felicetta
Assistant United States Attorney